UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 RETIREMENT FUND, on behalf of itself and all others similarly situated,<br>          Plaintiff,<br><br>v.<br><br>SYNCHRONY FINANCIAL, et al.,<br><br>          Defendants. | No. 3:18-cv-1818-VAB<br><br>CLASS ACTION<br><br>JUNE 26, 2019 |

## **MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, Defendants Synchrony Financial ("Synchrony"), Margaret M. Keane, Brian D. Doubles, Thomas M. Quindlen, David Melito, Paget L. Alves, Arthur W. Coviello, Jr., William W. Graylin, Roy A. Guthrie, Richard C. Hartnack, Jeffrey G. Naylor, Laurel J. Richie, and Olympia J. Snowe (collectively, and with Synchrony, the "Synchrony Defendants"), and Defendants Barclays Capital Inc., Mizuho Securities USA LLC, Morgan Stanley & Co. LLC, TD Securities (USA) LLC, Blaylock Van, LLC, CastleOak Securities, L.P., Mischler Financial Group, Inc., R. Seelaus & Co., Inc., and The Williams Capital Group, L.P. (collectively, the "Underwriter Defendants"), by and through their undersigned counsel, hereby move to dismiss the April 5, 2019 Amended Complaint for Violations of the Federal Securities Laws (the "AC") filed by Plaintiffs Stichting Depositary APG Developed Market Equity Pool and Stichting Depositary APG Fixed Income Credits Pool ("Plaintiffs") in its entirety. As set forth in more detail in the accompanying memorandum of law in support of this motion:

ORAL ARGUMENT REQUESTED

- The AC does not state a claim under § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 with respect to statements made on or before April 28, 2017 because it fails to plead any actionable misrepresentation. The AC relies on improper puzzle pleading; fails to plead particularized facts indicating that the challenged statements were false; and the challenged statements are non-actionable puffery or statements of opinion.

- The AC does not state a claim under § 10(b) of the Exchange Act and Rule 10b-5 with respect to statements made on or before April 28, 2017 because it also fails to plead particularized facts giving rise to the requisite strong inference of scienter, either through (i) strong circumstantial evidence of conscious misbehavior or recklessness, or (ii) motive and opportunity to defraud.

- The AC does not state a claim under § 10(b) of the Exchange Act and Rule 10b-5 with respect to statements made after April 28, 2017 because it fails to plead any actionable misrepresentation. The AC relies on improper puzzle pleading; fails to plead particularized facts indicating that the challenged statements were false; does not establish any duty to disclose; and many of the challenged statements are non-actionable puffery or statements of opinion.

- The AC does not state a claim under § 10(b) of the Exchange Act and Rule 10b-5 with respect to statements made after April 28, 2017 because it fails to plead particularized facts giving rise to the requisite strong inference of scienter, either through (i) strong circumstantial evidence of conscious misbehavior or recklessness, or (ii) motive and opportunity to defraud.

- The AC fails to plead loss causation with respect to the July 12, 2018 and November 1, 2018 alleged corrective disclosures cited in support of its claims under § 10(b) of the Exchange Act and Rule 10b-5 for statements made after April 28, 2017.

- The AC fails to state a claim under § 20A of the Exchange Act because Plaintiffs do not plead particularized facts demonstrating a predicate violation of the Exchange Act, and Plaintiffs fail to meet the contemporaneous trading requirement with respect to certain sales.

- The AC fails to state a claim under § 11 of the Securities Act of 1933 (the "Securities Act") because Plaintiffs do not plead any actionable misstatement in the December 1, 2017 note offering materials; those claims are time-barred in part; Plaintiffs do not plead a domestic transaction; and Plaintiffs did not file a PSLRA certification regarding the note offering and make no attempt to plead a cognizable injury under § 11.

- The AC fails to state a claim for control person liability under either § 20(a) of the Exchange Act or § 15 of the Securities Act because Plaintiffs do not plead the requisite predicate violation, culpable participation, or control.

Accordingly, the complaint should be dismissed, with prejudice.

Dated: June 26, 2019

Respectfully submitted,

*/s/ James T. Shearin*

James T. (Tim) Shearin (ct01326)
**PULLMAN & COMLEY LLC**
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601
Telephone: (203) 330-2240
Facsimile: (203) 576-8888
jtshearin@pullcom.com

*/s/ Meredith Kotler*

Meredith Kotler (phv09861)
Jared Gerber (phv09862)
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
mkotler@cgsh.com
jgerber@cgsh.com

*Counsel for Defendants Synchrony Financial, Margaret M. Keane, Brian D. Doubles, Thomas M. Quindlen, David Melito, Paget L. Alves, Arthur W. Coviello, Jr., William W. Graylin, Roy A. Guthrie, Richard C. Hartnack, Jeffrey G. Naylor, Laurel J. Richie, and Olympia J. Snowe*

*[signature]*

Michael Q. English (ct29019)
Evan I. Cohen (ct29799)
**FINN DIXON & HERLING LLP**
Six Landmark Square
Stamford, CT  06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
menglish@fdh.com
ecohen@fdh.com

Adam Hakki (*pro hac* motion to be submitted)
Daniel Lewis (*pro hac* motion to be submitted)
**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
ahakki@shearman.com
daniel.lewis@shearman.com

*Counsel for Defendants Barclays Capital Inc., Mizuho Securities USA LLC, Morgan Stanley & Co. LLC, TD Securities (USA) LLC, Blaylock Van, LLC, CastleOak Securities, L.P., Mischler Financial Group, Inc., R. Seelaus & Co., Inc., and The Williams Capital Group, L.P.*